OPINION OF THE COURT
Andrew K. Brotmann, J.
In or before June 1998, plaintiffs intended to move from Missouri to New York. They negotiated with defendant to move their possessions cross-country. The “agreed-upon” move date *554 was June 18, 1998, and the price was $3,306. Shortly before that date, a representative of defendant contacted plaintiffs and indicated that the pickup might be delayed. Plaintiffs immediately contacted another moving company and had the other company make the move. Plaintiffs now sue defendant for the additional expenses incurred as a result of that change.
Specifically, plaintiffs allege that as a result of defendant’s delay, they were forced to incur substantial additional expenses, including, but not limited to, the difference in the price between the estimate defendant provided and what they actually paid the substitute mover, storage charges, rental of bedding, hotel accommodations, etc. Plaintiff Molly Snitovsky testified credibly as to the hardship caused by the defendant’s delay. Plaintiffs have provided as exhibits copies of receipts for most of the expenses. Additionally, Norman Snitovsky, father of plaintiff, testified as to the alternative arrangements he made to ship plaintiffs’ possessions to New York and as to conversations he had had with defendant’s representatives.
At the conclusion of plaintiffs’ case in main, defendant moved for summary judgment and the court reserved decision. The sum and substance of defendant’s defense is that (a) there was no contract between the parties; and (b) there is a difference between an “agreed-to” date and a “guaranteed” date. Defendant argues that this matter is governed by Federal law pertaining to interstate commerce. In particular, defendant operates pursuant to title 49 of the United States Code (subtit IV, part B) governing interstate transportation by freight forwarders and 49 CFR part 375 governing transportation of household goods in interstate or foreign commerce.
As to defendant’s first argument, we find that the estimated cost of services (plaintiffs’ exhibit 1) is in fact a contract. Defendant’s claim that no contract is made until defendant actually shows up to pick up plaintiffs’ possessions is incredible. Were this the case, plaintiffs could have negotiated with dozens of moving companies and simply “contracted” with the first one to show up. This argument simply defies logic and is therefore rejected.
Defendant’s second argument, however, carries considerably more weight. Defendant argues that interstate move rates, or tariffs, are set by law. Here, the tariff was $6,730 (plaintiffs’ exhibit 1). Once the tariff had been established, plaintiffs can choose whether they want an “agreed” date or a “guaranteed” date for pickup. An “agreed” date of pickup is charged at 57% of the full tariff. A “guaranteed” date is charged at 120% of the *555 full tariff. Based on the evidence submitted, it is clear that plaintiffs chose the “agreed” date. In fact, defendant’s estimate makes note of the fact that unless the shipper has chosen a “guaranteed” date, the actual rate may vary depending on the weight of the truck and other variable factors.
Pursuant to title 49, defendant continued, if the parties do not have a guaranteed date, the carrier must provide the shipper (here the shipper would be plaintiffs) with “Reasonable dispatch.” Specifically, “reasonable dispatch” requires that the carrier provide reasonable notification to the shipper if the pickup (or delivery) is to be delayed and 49 CFR 375.8 further particularizes the notification requirements. Here it is uncontested that defendant notified plaintiffs the day prior to the “agreed-to” date that the pickup may be delayed. Defendant was unable to provide any further details regarding the length of the delay. Defendant contends that, in fact, it is plaintiffs who breached the contract since they did not allow defendant reasonable time to dispatch a truck, given that the date was not guaranteed. Finally, defendant argues that plaintiffs’ damages are limited pursuant to Federal regulations.
The court now revisits defendant’s motion for summary judgment. After reviewing the applicable Federal regulations, it appears that the defendant has correctly articulated the distinction between an “agreed-to” date and a “guaranteed” date. It further appears that plaintiffs negotiated only for an “agreed-to” date and, therefore, defendant was within its rights to give plaintiffs reasonable notice of any delay in the pickup. For the foregoing reasons, defendant’s motion to dismiss is granted and the complaint is dismissed. It is therefore not necessary for the court to discuss whether plaintiffs have met their burden of proving actual damages.